[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband brings this action to dissolve this marriage of twenty-three plus years. Both parties are in agreement that the marriage should be dissolved. They have for the most part determined the division of the assets and the individual responsibility for the liabilities of the marriage. The major area of dispute between them is the disposition of the family home. Although the defendant wife indicates an interest in receiving the home she admits that she is not financially able to keep the home if it were transferred to her.
The plaintiff husband suggests that he take title to the home, that he pay to his wife the sum of $6,000.00 and that he assume all the liabilities on the home and hold her harmless thereon. He feels that he could carry this out by renting out the home and that this income would be sufficient to provide for the mortgage and other debts associated with the home until it could be sold. Otherwise, the mortgage would be foreclosed since the parties are behind in the mortgage installment payments at present.
The plaintiff husband also proposes to transfer to the defendant wife certain other liquid assets. The total of these assets which he proposes to transfer to the defendant wife is substantially more than 1/2 of the total of the family assets.
At the present time the defendant wife is not employed but is actively seeking employment. The plaintiff husband is also unemployed but is receiving unemployment compensation of $280.00 per week from which he pays to the defendant wife $55.00 per week alimony together with the utility and heating expenses of the family home. He also is attempting to forestall the foreclosure of the mortgage on the family home. The plaintiff husband also receives irregular compensation as a musician with a band which totalled $270.00 over a period of two months. CT Page 2664
Taking into consideration the marital assets and liabilities together with the application of the statutory criteria, the court finds:
That both parties appeared physically and through counsel and were heard;
That the allegations of the complaint are agreed to or have been proven and that the marriage of the parties has broken down irretrievably. The court further finds that the major assets of the parties is a sum of approximately $17,278.00 that is being held in a trust account by plaintiff's attorney; and, the family home at 22 Dwight Street, Bristol, Connecticut valued at about $109,000.00 on which is a mortgage about $87,000.00. This house is presently on the market for sale.
That the parties liabilities are a credit card amounting to approximately $8,400.00 together with medical expenses and utility expenses that are still outstanding.
Therefore, it is the judgment of this court that the marriage of the parties be and is hereby declared to be dissolved. That each of the parties is declared to be single and unmarried.
That the sum of $17,000.00 plus, being held in a trustee account by plaintiff's attorney is to be divided 70% to the defendant wife and 30% to the plaintiff husband.
That the family home at 22 Dwight Street, Bristol, Connecticut, the defendant wife will transfer her interest in that home to the plaintiff upon receiving the payment of $6,000.00 with the plaintiff husband to save the defendant wife harmless and indemnify her on account of the existing mortgage and all other claims including any financial liability for previous rollovers of real estate and/or capital gains tax liabilities and he shall be solely responsible to the IRS for any and all amounts due.
The defendant wife shall vacate the premises at 22 Dwight Street, Bristol, Connecticut within one month from date of this judgment.
The defendant wife is to have and own all personal property located in the house with the exception of a stove, refrigerator, dry sink, kitchen set, cuckoo clock, copper clock, copper boat and tools. The plaintiff husband is also to have the washer and dryer if the defendant wife's new residence has a washer and dryer. Otherwise she is to have the washer CT Page 2665 and dryer from the family home. The plaintiff husband also is to have certain phonograph records which he had received as gifts.
The plaintiff shall also pay alimony to the wife in the sum of $70.00 per week for a period of two years, nine months which shall be not modifiable as to duration and amount and shall remain the same whether or not the wife remarries or becomes employed, full or part-time.
That the plaintiff husband is to pay to the wife an allowance towards her attorney's fees the sum of $400.00.
That both parties are to be responsible for the credit card debt of approximately $8,400.00 with the plaintiff husband to be responsible for $5,450.00 of that sum and the defendant wife to be responsible for the $2,950.00 remaining.
Judgment my enter accordingly with plaintiff's counsel to prepare the judgment file.
JULIUS J. KREMSKI STATE TRIAL REFEREE